IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHARY R. GRAHAM *and* KEVIN R. SHAY, | )<br>)<br>) Civil Action No. 21-148 |
| Plaintiffs, | ) District Judge Arthur J. Schwab<br>) Magistrate Judge Maureen P. Kelly |
| v. | )<br>) |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS; STATE CORRECTIONAL INSTITUTION GREENE; JOHN E. WETZEL, *Department of Corrections Secretary*; SUPERINTENDENT MICHAEL ZACHEN; UNIT MANAGER MS. SWARTZ; COUNSELOR BEERS; GREENAWALT, *Facility Grievance Coordinator*; and HEARING EXAMINER J. YODIS, | ) Re:  ECF No. 24<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM ORDER

Plaintiffs Zachary Graham ("Graham") and Kevin Shay ("Shay") (collectively, "Plaintiffs"), inmates incarcerated at the State Correctional Institution at Greene ("SCI-Greene"), filed the instant action arising out of allegations that prison officials improperly refused to permit them to marry each other and retaliated against them.  ECF No. 18.

Presently before the Court is a Motion to Supplement Pleadings.  ECF No. 24.  In the instant Motion, Plaintiffs allege that Shaw was assaulted on February 5, 2021 by multiple correctional officers, whose identities are currently unknown.  Id. ¶¶ 2, 5.  An investigation was conducted, and Shay was asked to sign a statement indicating that nothing occurred.  Id. ¶ 6.  Shay refused to sign this statement.  Id.  Although Plaintiffs claim that Defendants retaliated against them, they do not specify on what grounds this retaliation occurred.  Id. ¶ 7.  As relief, Plaintiffs request leave to conduct fact discovery relative to these allegations, and to supplement their

pleadings regarding the same.

First, the Court considers Plaintiffs' request to supplement their pleadings. Under Federal Rule of Civil Procedure 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Leave to supplement generally should be granted unless it would cause undue delay or undue prejudice. Micron Tech. v. Rambus Inc., 409 F. Supp. 2d 552, 558 (D. Del. 2006).

Under Federal Rule of Civil Procedure 20, persons may be joined in one action as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

Upon review, Plaintiffs' proposed supplement arises out of allegations that Shay was assaulted, and that Defendants retaliated against them. Although Plaintiffs include a claim for retaliation in this lawsuit, it is not clear from Plaintiffs' Motion whether they are claiming that Shay's assault is a further incident of retaliation on the same, or related grounds, as their pending claim in this lawsuit.

To the extent Plaintiffs claim that Shay's assault arises out of their request to marry, and/or retaliation arising out of events related to this request, the Court will permit Plaintiffs to supplement their Complaint relative to these Defendants. If the assault is a separate, unrelated event, however, Shay must file a separate lawsuit to pursue this claim.

Second, with respect to Plaintiffs' request to begin fact discovery, this request is denied because it is premature. Defendants have not yet been served or filed responsive pleadings in this matter. The Court will enter a case management order, which will include a schedule for fact discovery, at the appropriate time.

For the reasons set forth herein, it is HEREBY ORDERED that Plaintiffs' Motion to Supplement Pleading, ECF No. 24, is GRANTED IN PART and DENIED IN PART. To the extent that Plaintiffs claim that Shay's assault arises out of issues that are currently pending in this lawsuit, Plaintiffs are GRANTED leave file an amended complaint that incorporates their allegations relative to this assault. The amended complaint must be complete in itself; it cannot reference or incorporate any prior pleading.

To the extent Shay's assault is a separate, unrelated event from the allegations pending in this lawsuit, Plaintiffs' request to supplement their Complaint is DENIED.

Plaintiffs' request to commence fact discovery is also DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

Dated: April 13, 2021

*s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

```
```

cc:    ZACHARY R. GRAHAM
NP2097
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

KEVIN R. SHAY
LH1546
SCI Greene
175 Progress Dr.
Waynesburg, PA 15370